UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Newport News DIVISION

CHAPTER 13 PLAN
AND RELATED MOTIONS

Name of Debtor(s): Ernest Moore, Jr.
Olivia Harrison Moore

Case Number: 03-51907

Note to creditors: Section A is the summary of the plan, Section B contains the detailed provisions of the plan and Section C is the debtor's budget. Except where noted otherwise, references to the "debtor" also refer to the debtor's spouse if the case is a joint case.

## SECTION A - PLAN SUMMARY

**A-1 DATE OF PLAN**

This plan, dated 07-15-03 is:

X the *first* Chapter 13 plan filed in the case.

___ a modified plan, which replaces the plan dated: _____.

That plan has not    been confirmed by the Court

**Summary of Modification**

a. Plan Provision Modified by this Filing:

b. Nature of Modification:

c. Creditors Affected by Modification:

**A-2. ASSETS AND LIABILITIES**

On 07-01-03, the debtor
X filed for relief under Chapter 13.
___ converted a previously filed case to one under Chapter 13.

As of that date, the debtor listed assets and liabilities as follows:

Total Assets: $ 67,084.00
Total Unsecured Debt including unsecured portion of secured debt: $ 100,168.00
Total Secured Debt: $ 63,000.00

### A-3. FUNDING OF PLAN

The future earnings and income of the debtor are submitted to the supervision and control of the trustee. The debtor proposes to pay the sum of $ 100.00 per month for 60 months or longer if necessary for completion of this plan according to its terms, but not more than 60 months. The total amount to be paid into the plan is $ 6,000.00.

This does not constitute all of the disposable income of the debtor during the period of the plan.

Payments will be made in equal installments of $ 100.00 every

    X    Month
_____ Twice monthly (24 payments per year)
_____ Two weeks (26 payments per year)
_____ Week

Beginning: 08-13-03

OTHER PAYMENTS:

**A-4. PAYMENT TO UNSECURED CREDITORS.** Unsecured creditors with claims not entitled to priority under the United States Bankruptcy Code will receive in deferred cash payments from the trustee approximately 2 % of the present value of their allowed claims, without interest. If this case were liquidated under Chapter 7, such creditors would receive a dividend of approximately 0 % of their allowed claims.

---

### SECTION B - PROVISIONS OF PLAN

**B-1. ELIGIBILITY.** The debtor is an individual who owed, on the date of the filing of the petition commencing this case, noncontingent, liquidated and unsecured debts totaling $ 100,168.00 and noncontingent, liquidated and secured debts totaling $ 63,000.00. The debtor has regular income and is otherwise eligible for relief under 11 U.S.C. § 109(e) of the United States Bankruptcy Code. This plan is proposed in good faith and complies with all applicable provisions of Chapter 13 and the United States Bankruptcy Code.

### B-2. PAYMENTS TO PRIORITY CREDITORS

a. **Priority Creditors Under 11 U.S.C. § 1326(b).** The following priority creditors shall, subject to payments to secured creditors, be paid in full at or before the time of payment to remaining creditors:

1. Trustee: 10% of all sums disbursed, except any funds returned to the debtor.
2. Debtor's Attorney: $ 1,425.00 balance due of total fee of $ 1,500.00.

The attorney shall comply with Local Bankruptcy Rule 2016-1. Any fee in excess of the maximum established in L.B.R. 2016-1 will require an application for allowance of compensation and reimbursement of expenses by separate and distinct pleading. Any such application shall comply with 11 U.S.C. § 330, F.R.B.P. 2016 and L.B.R. 2016-1. The attorney shall not send a bill directly to the debtor. Should the debtor receive a bill from his/her attorney, the debtor should send a copy of such bill to the trustee.

b. **Priority Creditors Under 11 U.S.C. § 1322(a)(2).** The following priority creditors will be fully paid by deferred cash payments, unless the holder of such a claim agrees to be treated differently.

Creditor            Type of Claim            Balance Due

**B-3. CREDITORS SECURED BY PROPERTY OTHER THAN REAL ESTATE - DEBTOR TO RETAIN COLLATERAL.** Creditors whose claims are secured by property other than real estate whose collateral is to be retained by the debtor shall retain their liens and be paid as indicated below. Insurance will be maintained upon such collateral at the debtor's expense, in accordance with the terms of the contract and security agreement creating such security interest.

a. **To be Paid in Full Through Trustee.** Creditors named below whose claims are allowed will be paid the equivalent of 100% of the present fair market value of their collateral not to exceed the balance of the obligation, in deferred cash payments. The excess of such a creditor's claim, over and above the fair market value of its collateral, will be paid as an unsecured claim.

**Creditor:**
Balance due: $
Collateral description:
Replacement value: $
Source of valuation:
Interest rate: %
Balance due to be amortized by monthly payments through trustee of $ _____ for ____ months.

To be paid through the trustee on a fixed monthly basis as set forth above or on a pro rata basis.

The debtor hereby moves to value the collateral at $ _____ in accordance with 11 U.S.C. §506(a), F.R.B.P. 3012, and L.B.R. 3015-2.

**Creditor:**
Balance due: $
Collateral description:
Replacement value: $
Source of valuation:
Interest rate: %
Balance due to be amortized by monthly payments through trustee of $_____ for _____ months.

To be paid through the trustee on a fixed monthly basis as set forth above or on a pro rata basis.

  The debtor hereby moves to value the collateral at $_____ in accordance with 11 U.S.C. §506(a), F.R.B.P. 3012, and L.B.R. 3015-2.


**Creditor:**
Balance due: $
Collateral description:
Replacement value: $
Source of valuation:
Interest rate: %
Balance due to be amortized by monthly payments through trustee of $_____ for _____ months.

To be paid through the trustee on a fixed monthly basis as set forth above or on a pro rata basis.

  The debtor hereby moves to value the collateral at $_____ in accordance with 11 U.S.C. §506(a), F.R.B.P. 3012, and L.B.R. 3015-2.


**Creditor:**
Balance due: $
Collateral description:
Replacement value: $
Source of valuation:
Interest rate: %
Balance due to be amortized by monthly payments through trustee of $_____ for _____ months.

To be paid through the trustee on a fixed monthly basis as set forth above or on a pro rata basis.

  The debtor hereby moves to value the collateral at $_____ in accordance with 11 U.S.C. §506(a), F.R.B.P. 3012, and L.B.R. 3015-2.


  **b. To be Paid Directly by Debtor.** Creditors named below whose claims are allowed will be paid directly by the debtor in accordance with the terms of the contract and security agreement.

**Creditor:**
Balance due: $
Monthly installment: $
Collateral description:
Replacement value: $
Source of valuation:

**Creditor:**
Balance due: $
Monthly installment: $
Collateral description:
Replacement value: $
Source of valuation:

**c. Delinquency to be Cured Through Plan, Regular Payments to be Paid Directly by the Debtor.**

**Creditor:**
Principal balance due: $
Description of security:
Debtor's estimation of value:
Regular monthly installment payment: $
Payment delinquency and other defaults:
Amount: $

_____with interest at the rate of_____%
_____without interest

**Creditor:**
Principal balance due: $
Description of security:
Debtor's estimation of value:
Regular monthly installment payment: $
Payment delinquency and other defaults:
Amount: $

_____with interest at the rate of_____%
_____without interest

**B-4. CREDITORS SECURED BY PROPERTY WHICH WILL BE SURRENDERED BY THE DEBTOR.** Upon confirmation of the plan, if not before, the debtor will surrender the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy such creditor's claim, the creditor shall hold a nonpriority, unsecured claim. The entry of the order confirming the plan shall have the effect of terminating the stay of 11 U.S.C. § 362(a) as to the collateral surrendered, thereby allowing the recovery and disposition of such property according to applicable nonbankruptcy law.

**Creditor:**
Collateral to be surrendered:
Debtor's estimation of value: $

**Creditor:**
Collateral to be surrendered:
Debtor's estimation of value: $

**B-5. CREDITORS WITH CLAIMS SECURED BY REAL ESTATE.** Creditors whose claims are secured by real estate, which is to be retained by the debtor, shall retain their liens and be paid as indicated below. Insurance will be maintained upon such collateral at the debtor's expense, in accordance with the terms of the contract and deed of trust creating the lien thereon.

### a. Claims Secured Only by Interest in Debtor's Principal Residence:

Creditors named below are secured only by a security interest in real estate which is the debtor's principal residence. Creditors whose claims are allowed will have any delinquency accrued, or default which occurred before the filing of the petition commencing this case, cured through the plan. All obligations of the debtor under the contract and deed of trust (except as pertains to the curing of the below-described arrearages) will be performed by the debtor in accordance with the terms of such contract and deed of trust encumbering the property.

Creditor: Homea Servicing Corp.
Principal balance due: $ 63,494.00
Description: Home - 423 Seminole Road, Hmptn, VA.
Regular monthly installment payment: $ 453.00
Prepetition delinquency and other defaults:
Amount: $ 2,868.00 (-7/03)

\_\_\_\_\_with interest at the rate of_____%
__X__without interest

Payments to cure prepetition delinquency and other defaults to be paid:
__X__Through the trustee on a fixed monthly basis by monthly payments of $_____
        for _____ months or on a pro rata basis.
\_\_\_\_\_Directly by the debtor.

Regular payments accruing post petition to be paid:
\_\_\_\_\_Through the trustee on a fixed monthly basis by monthly payments of $ _____
        for _____months or on a pro rata basis.
__X__Directly by the debtor.


**Creditor:**
Principal balance due: $
Description:
Regular monthly installment payment: $
Prepetition delinquency and other defaults:
Amount: $

\_\_\_\_\_ with interest at the rate of _____%
\_\_\_\_\_ without interest

Payments to cure prepetition delinquency and other defaults to be paid:
\_\_\_\_\_Through the trustee on a fixed monthly basis by monthly payments of $_____
        for_____months or on a pro rata basis.
\_\_\_\_\_Directly by the debtor.

Regular payments accruing post petition to be paid:
\_\_\_\_\_Through the trustee on a fixed monthly basis by monthly payments of $_____
        for _____months or on a pro rata basis.
\_\_\_\_\_Directly by the debtor.

**b. Claims Secured by Real Property Other Than the Debtor's Principal Residence:**

Creditors named below are secured by a security interest in real estate other than the debtor's principal residence. Creditors whose claims are allowed will be paid the equivalent of 100% of the present fair market value of their collateral in deferred cash payments. This will fully satisfy the secured portion of such creditor's allowed claim. The excess of such a creditor's claim over and above the fair market value of its collateral will be paid as an unsecured claim.

**Creditor:**
Principal balance due: $
Description:
Debtor's estimation of value: $
Regular monthly Installment payment: $
Prepetition delinquency and other defaults:
Amount: $

_____ with interest at the rate of _____%
_____ without interest

Payments to cure prepetition delinquency and other defaults to be paid:
_____ Through the trustee on a fixed monthly basis by monthly payments of $_____
            for _____months or on a pro rata basis.
_____ Directly by the debtor.

Regular payments accruing post petition to be paid:
_____ Through the trustee on a fixed monthly basis by monthly payments of $_____
            for _____months or on a pro rata basis.
_____ Directly by the debtor.


**Creditor:**
Principal balance due: $
Description:
Regular monthly installment payment: $
Prepetition delinquency and other defaults:
Amount: $

_____ with interest at the rate of _____%
_____ without interest

Payments to cure prepetition delinquency and other defaults to be paid:
_____ Through the trustee on a fixed monthly basis by monthly payments of $_____
            for _____months or on a pro rata basis.
_____ Directly by the debtor.

Regular payments accruing post petition to be paid:
_____ Through the trustee on a fixed monthly basis by monthly payments of $_____
            for _____months or on a pro rata basis.
_____ Directly by the debtor.

**B-6. LIEN AVOIDANCE.**

 **a. Avoidance of Nonpossessory, Nonpurchase-Money Security Interest:** The debtor claims certain property exempt on Schedule C. That property is subject to a nonpossessory, nonpurchase-money security interest of a creditor which impairs the exemption of the debtor to personal property that fits within the categories set forth in 11 U.S.C. § 522(f)(1)(B)(i), (B)(ii) or (B)(iii). The exempt property, creditor, amount of the creditor's claim and amount to be avoided and paid as an unsecured claim are set forth below.

The debtor hereby moves to avoid the following *nonpossessory, nonpurchase-money security interest liens* pursuant to 11 U.S.C. § 522(f), L.B.R. 3015-2 and L.B.R. 4003-2.

| Name of Creditor | Description of Collateral | Value of Collateral | Identity of Senior Lienholder (if any) | Amount of Claim of Senior Lienholder |
|---|---|---|---|---|
| | | | | |
| | | | | |

 **b. Avoidance of Judicial Lien:** The debtor claims certain property exempt on Schedule C. That property is subject to a judicial lien for a debt, other than for a debt described in 11 U.S.C. § 522(f)(1)(A)(i) and (A)(ii), which lien impairs the exemption of the debtor to the property. The creditor, debtor's interest in the property, amount of the lien, amount to be avoided and amount not to be avoided are set forth below.

The debtor hereby moves to avoid the following *judicial liens* pursuant to 11 U.S.C. §522(f), L.B.R. 3015-2 and L.B.R. 4003-2.

| Name of Creditor | Description of Collateral | Value of Collateral | Identity of Senior Lienholder (if any) | Amount of Claim of Senior Lienholder |
|---|---|---|---|---|
| | | | | |
| | | | | |

 **c. Avoidance of Other Security Interest and/or Lien:** If the debtor intends to avoid a security interest or judicial lien pursuant to other applicable sections of the United States Bankruptcy Code, then the debtor shall so state below and shall file and serve the necessary pleadings on or before the date set for the initial meeting of creditors or, if applicable, contemporaneously with the filing of any Modified Chapter 13 Plan and Related Motions.

| Name of Creditor | Type of Lien | Description of Collateral | Basis for Lien Avoidance |
|---|---|---|---|
| Countrywide | 2nd Deed of Trust | Home - 423 Seminole Road | lack of equity |

**B-7. UNSECURED CREDITORS NOT ENTITLED TO PRIORITY.** Unsecured Creditors with claims not entitled to priority under the United States Bankruptcy Code will receive in deferred cash payments from the trustee

approximately ___2___% of the present value of their allowed claims, without interest. If this case were liquidated under Chapter 7, such creditors would receive a dividend of approximately ___0___% of their allowed claims.

**B-8. EXECUTORY CONTRACTS.** The debtor moves for assumption or rejection of the executory contracts and leases listed below.

    **a. Executory Contracts to be Rejected by the Debtor.** The debtor rejects the following executory contracts.

Name of Creditor          Type of Contract

_____
_____
_____

    **b. Executory Contracts to be Assumed by the Debtor.** The debtor assumes the following executory contracts. The debtor agrees to abide by all terms of the agreement and to cure any prepetition arrearages or defaults in the manner listed below.

Name of Creditor          Type of Contract          Arrears on Filing Date

_____
_____
_____

**B-9. TITLE OF PROPERTY TO REVEST IN DEBTOR.** All property of the estate shall revest in the debtor upon confirmation of the plan, subject to the provisions in the plan and confirmation order. Unless the plan provides otherwise, a secured creditor retains its lien until the allowed amount of its secured claim is paid. The terms of the debtor's prepetition agreement with a secured creditor shall continue to apply except as otherwise provided for in this plan or the order confirming the plan.

**B-10. TREATMENT OF CLAIMS.**

a.     Secured creditors must timely file a proof of claim to receive payment from the trustee.

b.     Before or after confirmation of the plan, a party in interest may object to a claim which is not filed in accordance with F.R.B.P. 3001 or 3002.

c.     If a claim is scheduled as unsecured and the creditor files a proof of claim alleging that the claim is secured but does not timely object to the confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor affected by the plan to seek relief from the stay or to object to the discharge of debt.

d.     If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor will be treated as unsecured for purposes of distribution under the plan.

e. If a claim is filed for collateral that is to be surrendered, the claim may be disallowed for purposes of distribution under the plan. An unsecured claim may be filed for any deficiency balance that may remain.

f. If a claim is filed for a debt being paid directly by the debtor, the claim may be disallowed for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to seek relief from the stay or move for dismissal should the debtor fail to make the payments as proposed in the plan.

**B-11. OTHER PROVISIONS OF THE PLAN.** ___ None

The debtor will not sell real property without an order from the court. [X] *[Check if Applicable]*

---

### SECTION C - BUDGET

A photocopy of Schedules I and J, or a detailed summary thereof, is attached.

**[Note to debtor: be sure that the budget is attached to each copy of the plan filed with the Court or served upon a party in interest]**

---

### SECTION D - SIGNATURES

Dated: 07-15-03

Richard G. Poinsett
Attorney for Debtor(s) (print or type)

2030 Coliseum Drive, #C
Address of Attorney

Hampton, VA   23666
City, State, Zip

(757) 825-5577
Telephone Number, Including Area Code

_____
Signature of Debtor

_____
Signature of Joint Debtor (if applicable)

## SECTION E - PROOF OF SERVICE

The undersigned hereby certifies that on this date the foregoing Chapter 13 Plan and Related Motions was served upon the standing trustee, all creditors, and other interested parties, as set forth in the attached list of names and addresses, by mailing a complete copy of the plan, including a photocopy of the budget, to each party, by first class mail. [*If the number of persons and parties served is twenty-five or fewer, service copies shall contain a complete certificate of service, including names and addresses of parties served. If service is made on more than twenty-five persons or parties, the certificate of service attached to the service copies need not contain the complete list of names and addresses, but may reference a service list attached to the original filed with the court.*]

Dated: 07-15-03

_____
Signature of attorney, or *pro se* debtor(s)

Richard G. Boinsett

_____
Printed Name(s)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Newport News      DIVISION

In re: Ernest Moore, Jr.
Olivia Harrison Moore

Case No: 03-51907
Chapter 13

Debtor(s)

### NOTICE OF CHAPTER 13 PLAN AND RELATED MOTIONS

TO[1]:  All parties on the attached list

**NOTICE OF:**

1) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION
2) MOTION FOR VALUATION
3) MOTION TO AVOID CERTAIN LIENS, AND
4) ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS

The debtor(s) has filed a Chapter 13 Plan and Related Motions with the Court seeking to adjust his debts and, if applicable, to value the collateral of secured creditors, to avoid (that is, set aside or cancel) certain liens, and to assume or reject leases and executory contracts. [If applicable] This Chapter 13 Plan and Related Motions modifies a plan which was not _ confirmed by the Court.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

Local Bankruptcy Rule 3015-2 provides that the Chapter 13 plan will be confirmed and the related motions granted, without a court hearing, if no objection is filed within the time allowed. If you do not want the Court to confirm the plan or (if you are a secured creditor) to value your collateral or avoid your lien as provided in the plan or (if you are a party to an unexpired lease or executory contract with the debtor) to assume or reject the lease or executory contract, then on or before 08-28-03 you or your attorney must:

File a written objection and a copy with the Court at:

United States Bankruptcy Court
P.O. Box 1938
Norfolk, VA  23501

---

[1]Any creditor whose collateral is to be valued, whose lien is to be avoided, or whose lease or executory contract is to be assumed or rejected must receive an individually addressed notice *and must be served in accordance with Federal Rule of Bankruptcy Procedure 7004.*

If you mail your objection to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above. You must also mail a copy to the attorney for the debtor(s) (or to the debtor(s) if the debtor(s) is not represented by counsel) and to the Chapter 13 Trustee:

Address of attorney for the debtor(s) or
debtor(s) if not represented by counsel:   Richard G. Poinsett
                                           2030 Coliseum Drive, Suite C
                                           Hampton, VA 23666

Address of Chapter 13 Trustee:             George W. Neal
                                           P.O. Box 1474
                                           Portsmouth, VA 23705-1474

If a timely objection is filed to the original Chapter 13 Plan and Related Motions, the objection and the motions, if any, will be heard at the date and time given in the **Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines** previously mailed to you by the Clerk's Office. If a timely objection is filed to a modified plan, the Court will schedule a hearing on the objection.

1. The Chapter 13 Plan and Related Motions propose to value the claims of the following creditors:

| Name of Creditor | Description of Collateral | Value Assigned by Debtor | Interest Rate | Estimated Balance of Credit |
|---|---|---|---|---|
| | | | | |

2. The Chapter 13 Plan and Related Motions propose to avoid judicial liens, nonpossessory, nonpurchase-money security interests or other liens of the following creditors:

| Name of Creditor | Description of Collateral | Value of Collateral | Identity of Senior Lienholder (if any) | Amount of Claim of Senior Lienholder |
|---|---|---|---|---|
| Countrywide | Home - 423 Seminole Rd. | $63,494.00 | Home Q | $63,494.00 |

3. The Chapter 13 Plan and Related Motions propose to assume or reject an executory contract or unexpired lease with the following creditors:

**(A) Assume:**

| Name of Creditor | Type of Contract | Arrears on Filing Date |
|---|---|---|

**(B) Reject:**

| Name of Creditor | Type of Contract |
|---|---|

**REVIEW THE CHAPTER 13 PLAN AND RELATED MOTIONS CAREFULLY TO DETERMINE THE TREATMENT OF YOUR CLAIM UNDER THE PLAN.**

## PROOF OF SERVICE

The undersigned hereby certifies that on this date the foregoing Notice was served upon the standing trustee, all creditors, and other interested parties, as set forth on the attached list of names and addresses, by mailing a complete copy of the Notice to each party, by first-class mail. [*If the number of persons and parties served is twenty-five or fewer, service copies shall contain a complete certificate of service, including names and addresses of parties served. If service is made on more than twenty-five persons or parties, the certificate of service attached to the service copies need not contain the complete list of names and addresses, but may reference a service list attached to the original filed with the court.*]

Dated: 07-15-03

_____
Signature of attorney, or *pro se* debtor (s)
Richard G. Poinsett

_____
Printed Name(s)

In re   Ernest Moore, Jr.,   
      Olivia Harrison Moore

Case No. _____

Debtors

# SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Married | NAMES: None. | AGE | RELATIONSHIP |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Substitute janitor | |
| Name of Employer | City of Hampton School Board | N/A |
| How long employed | approx. 11 years | |
| Address of Employer | Hampton, VA | |

INCOME: (Estimate of average monthly income)

| | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $390.00 | $0.00 |
| Estimated monthly overtime | $0.00 | $0.00 |
| SUBTOTAL | $390.00 | $0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $33.15 | $0.00 |
| b. Insurance | $0.00 | $0.00 |
| c. Union dues | $0.00 | $0.00 |
| d. Other (Specify) | $0.00 | $0.00 |
| | $0.00 | $0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $33.15 | $0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $356.85 | $0.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $0.00 | $0.00 |
| Income from real property | $0.00 | $0.00 |
| Interest and dividends | $0.00 | $0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $0.00 |
| Social security or other government assistance (Specify) **Social security benefits** | $686.00 | $304.00 |
| | $0.00 | $0.00 |
| Pension or retirement income | $204.57 | $0.00 |
| Other monthly income (Specify) | $0.00 | $0.00 |
| | $0.00 | $0.00 |
| TOTAL MONTHLY INCOME | $1,247.42 | $304.00 |

TOTAL COMBINED MONTHLY INCOME   $1,551.42

(Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document

In re    Ernest Moore, Jr.,
       Olivia Harrison Moore                                    Case No. _____

                                                         Debtors

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $453.00 |
| Are real estate taxes included? Yes___ No__X__ | |
| Is property insurance included? Yes___ No__X__ | |
| Utilities: Electricity and heating fuel | $175.00 |
|     Water and sewer | $35.00 |
|     Telephone | $43.00 |
|     Other_____ | $0.00 |
| Home maintenance (repairs and upkeep) | $10.00 |
| Food | $150.00 |
| Clothing | $0.00 |
| Laundry and dry cleaning | $0.00 |
| Medical and dental expenses | $100.00 |
| Transportation (not including car payments) | $50.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $0.00 |
| Charitable contributions | $0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
|     Homeowner's or renter's | $41.00 |
|     Life | $157.00 |
|     Health | $140.00 |
|     Auto | $0.00 |
|     Other_____ | $0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) (Specify)  **R/E & PP taxes** | $70.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan.) | |
|     Auto | $0.00 |
|     Other_____ | $0.00 |
|     Other_____ | $0.00 |
|     Other_____ | $0.00 |
| Alimony, maintenance, and support paid to others | $0.00 |
| Payments for support of additional dependents not living at your home | $0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $0.00 |
| Other  **Misc. (haircuts, gifts, postage, etc.)** | $25.00 |
| Other  **Rounding** | $2.42 |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | **$1,451.42** |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

A. Total projected monthly income ............................................................. $1,551.42
B. Total projected monthly expenses ........................................................... $1,451.42
C. Excess income (A minus B) ................................................................... $100.00
D. Total amount to be paid into plan each  **Monthly**_____ $100.00
                                                    (interval)

U.S. Trustee's Office
200 Granby Street, Rm 625
Norfolk, VA 23510

Ernest Moore, Jr.
Olivia Harrison Moore
423 Seminole Road
Hampton, VA 23661

Frank J. Santoro, Trustee
P O Box 1455
Portsmouth, VA 23705

George W. Neal, Trustee
P.O. Box 1474
Portsmouth, VA 23705

Asset Acceptance Corp.
P.O. Box 2036
Warren, MI 48090

Bank of America
P.O. Box 5270
Carol Stream, IL 60197-5270

Alvin Bryant, M.D.
2000 Kecoughtan Road
Hampton, VA 23661

Capital One
P.O. Box 85617
Richmond, VA 23276-0001

Clerk, General District Court
Civil Division
400 N. 9th Street
Richmond, VA 23219

Countrywide Home Loans, Inc.
6400 Legacy Drive
Plano, TX 75024

Exxon
P.O. Box 103031
Roswell, GA 30076

FHA
c/o First Preston Foreclosure Speci
475 Sentry Parkway, Suite 5000
Blue Bell, PA 19422

First Union Bank
Bankcard Services
P.O. Box 15137
Saint Louis, MO 63179-5137

First USA Bank
P.O. Box 15153
Wilmington, DE 19886-5153

The GM Card
P.O. Box 88000
Baltimore, MD 21288

Hampton Roads Eye Assoc.
P.O. Box 6017
Newport News, VA 23606

Homeq Servicing Corp.
707 3rd Street
West Sacramento, CA 95605

Homeq Servicing Corp.
P.O. Box 96012
Charlotte, NC 28296-0012

Mark Hudson, President
Homeq Servicing Corp.
4837 Watt Avenue
North Highlands, CA 95660

Stanford Kurland, President
Countrywide Home Loans, Inc.
155 N. Lake Avenue
Pasadena, CA 91101

Old Point National Bank
P.O. Box 3392
Hampton, VA 23663

Sears
Chapter 13 Department
45 Congress Street
Salem, MA 01970-5579

Sentara Careplex
P.O. Box 1875
Norfolk, VA 23501

Shell/Texaco
P.O. Box 79001
Houston, TX 77279-0001

U.S. Bank
P.O. Box 790408
Saint Louis, MO 63179-0408