**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION**

**In re:**

ERNEST MOORE, JR. and OLIVIA HARRISON MOORE,

    **Debtor.**

**CHAPTER 13
CASE NO.:    03-51097-DHA-13**

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

**NOTICE FROM MARK T. DOMEYER**

**PURSUANT TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES INDEBTEDNESS REFERRED TO HEREIN, AND ANY INFORMATION WE OBTAIN FROM YOU WILL BE USED FOR THAT PURPOSE.ACT, WE ADVISE YOU THAT MARK T. DOMEYER, P. C., COUNSEL FOR THE PLAINTIFF/MOVANT, IS A DEBT COLLECTOR, ATTEMPTING TO COLLECT THE DEBT.**

    COMES NOW COUNTRYWIDE HOME LOANS, INC., asuccessor in interest to Firstplus Financial Review Plan and confirm no objections required; Revise proof of claim and request for notice and direct filing ECF and service by mail, ("Countrywide"), by ccounsel, and Objects to the Confirmation of the Chapter 13 Plan dated July 15, 2003 ("Plan"), and in support thereof, represents unto the Court:

    1.  COUNTRYWIDE is a secured creditor of the Debtors by virtue of its status as the holder of a Note having Ernest Moore, Jr. and Olivia Harrison Moore ("Debtors") as makers and accompanying second priority Deed of Trust on the property located at 423 Seminole Road, Hampton, VA ("Property").

    2.  The Plan provides for avoidance of Countrywide's lien at paragraph B-6(c) based on alleged lack of equity.  Paragraph B-6( c) provides:

> If the debtor intends to avoid a security interest or judicial lien pursuant to
> other applicable sections of the Bankruptcy Code,
> then the Debtor shall so state below **and shall file and serve the
> necessary pleadings on or before the date set for the initial
> meeting of creditors** or, if applicable, contemporaneously with
> the filing of any Modified Chapter 13 Plan and Related Motions.

Plan at paragraph B-6(c)(emphasis added).

---

Mark T. Domeyer, V.S.B. #30194
Counsel for Countrywide Home Loans, Inc.
P.O. Box 10231
Van Nuys, CA 91410-0231
(877) 303-5302
Loan Number: 0736827

      3.      The first meeting of creditors and the objection deadline are scheduled on August 28, 2003. To date Countrywide has not been served with a complaint or a motion seeking to avoid or strip off its lien.

      4. In paragraph 2 of the Notice of Chapter 13 Plan and related Motions Debtor again indicates an intent to avoid Countrywide's lien.  In paragraph 2 Debtor asserts that the Property has a value of $63,494.00 and that the claim of the senior lienholder is also $63,494.00.

      5. In Debtors' Schedule D filed under penalty of perjury they assert a slightly lower amount is owed to the first priority lienholder (identified as Homeq Servicing Corp.) of $63,000.00.  Schedule D also asserts a different alleged value of the property of $59,900.00.

      6. A motion for relief from stay as to the Property was filed by an entity identified as Monument Street Funding, L.L.C.  In that motion the movant alleges that the amount owed to it is $63,456.50 and no value of the collateral is alleged.

      7. Both the alleged value of the Property at issue and the amount owed to the senior lienholder thus appears to be a moving target.

      8. Debtors have offered no admissible evidence is support of their alleged valuation or of the alleged amount owed to the first priority lienholder.

      9. Upon information and belief there is at least some equity to support the lien of Countrywide so that no lien strip should be allowed.  Countrywide should be afforded an opportunity to obtain evidence and to be heard on the merits in this matter.

      WHEREFORE, the undersigned requests a hearing on this matter, that the Court require the Debtors to present admissible evidence of both the amount owed to the senior lienholder and the perfection of its lien and the value of the collateral and that Countrywide also be afforded an opportunity to present evidence.  Countrywide further and requests that the Confirmation of the Chapter 13 Plan as proposed, be denied, and that the case be dismissed if the Debtors fail to timely file and serve a complaint or motion in accordance with paragraph B-6(c) of the Plan, and for such other and further relief as the Court deems just and proper.

      Countrywide Home Loans, Inc.

      By: */s/     Mark T. Domeyer*
      Mark T. Domeyer, V.S.B. #30194
      Counsel for Plaintiff
      P.O. Box 10231
      Van Nuys, CA 91401-0231
      (877) 303-5302

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN was served by first class U.S. Mail on   Wednesday, August 27, 2003  .

| | |
|---|---|
| RICHARD G. POINSETT<br>Law Office of Richard G. Poinsett<br>2030 ColiseumDrive, Suite C<br>Hampton, VA 23666 | Attorney for Debtor |
| ERNEST MOORE, JR.<br>423 Seminole Road<br>Hampton, VA 23661 | |
| George W. Neal<br>P.O. Box 1474<br>Portsmouth, VA 23705-1474 | Trustee |
| Samuel I. White, P.C.<br>209 Business Park Drive<br>Virginia Beach, VA  23462<br>Attn:  Ms. Yollanda Whitaker | |

                                                                        Countrywide Home Loans, Inc.

                                                                       _ */s/ Mark T. Domeyer*_____<br>
                                                                       Mark T. Domeyer, VSBN 30194<br>
                                                                       P.O. Box 10231<br>
                                                                       Van Nuys, CA 91410-0231<br>
                                                                       (877) 303-5302