# United States Bankruptcy Court
# Eastern District of Virginia
# Newport News Division

In re:  Ernest MOORE                           Case No. 03-51907
        Olivia Harrison MOORE                  Chapter 13
        Debtor

Ernest Moore, Jr. and Olivia Harrison Moore, Plaintiff
v.                                             Ad. Pro. 08-
Nationwide Mortgage Plan and Trust
Security Trust
Wagner and Tomlin, PC, Trustee
Countrywide Home Loans, Inc.
        Defendants

## Complaint to Avoid Lien

Come now Ernest Moore, Jr. and Olivia Harrison Moore, plaintiffs herein, and request that the Court enter an order avoiding the lien of a certain deed of trust recorded in the Clerk's Office of the Circuit Court of the City of Hampton, VA in Deed Book 1232 at page 134, and corrected in Deed Book 1272 at page 964. In support of their motion, plaintiffs state:

1. This Adversary Proceeding is brought pursuant to 11 U.S.C. Section 506. The Court has jurisdiction over the matter pursuant to 11 U.S.C. S and this is a core proceeding under 28 U.S.C. Section 157.

2. Debtors/plaintiffs filed their Chapter 13 case on July 1, 2003.

3. At the time of the filing, debtors owned the following described real estate:

    All that certain lot, piece or parcel of land, situate, lying and being
    In the City of Hampton, Virginia, known and designated as Lot
    Numbered Twenty-Five (25), in Block numbered Forty-seven
    (47), as shown on that certain plat entitled HAMPTON ROADS,
    PART OF BLOCK 40 AND BLOCKS 47 AND 48, made by J. B.
    Sinclair, Jr., Civil Engineer, dated February 27, 1942, duly of record

Richard G. Poinsett, Bar ID 12083
Law Office Of Richard G. Poinsett
2 Eaton Street, Suite 502
Hampton VA  23669
(757) 825-5577

in the Clerk's Office of the Circuit Court of the City Of Hampton, Virginia, in Plat Book 2, Page 9, to which reference is here made. Save and excepting therefrom the southerly 6 feet of Lot numbered 25, which was conveyed to Vernon O. Smith and Helen E. Smith, husband and wife, by Briarfield Villa, Incorporated, by Deed dated June 27, 1947, Recorded in the aforesaid Clerk's Office on July 22, 1947, in Deed Book 146, at page 153.

4. At the time of the filing of the case, the value of the real estate was $59,900.00.

5. The debtor's schedules indicated the value of the real estate as $59,900.00.

6. At the time of the filing, the real estate was encumbered by a Deed of Trust recorded in the City of Hampton Circuit Court Clerk's Office in Deed Book 1231 at page 2056, hereafter referred to as "first lien."

7. The Deed of Trust referred to in Paragraph 6 secured repayment of a note payable to First Union Home Equity.

8. Upon information and belief, the Note payable to First Union Home Equity Bank was sold, and at the time of the filing of this case the holder was Monument Street Funding, Inc.

9. At the time of the filing of the case, the amount due to the "first lien" holder was $64,645.25, as shown by the Proof of Claim filed by Monument Street Funding, Inc. No objection was filed to the claim.

10. At the time of the filing, the real estate was encumbered by a Deed of Trust recorded in the City of Hampton Circuit Court Clerk's office on March 3, 1998, in Deed Book 1232 at page 134, which deed of trust was corrected and recorded in Book 1272 at page 0964, and which is hereafter referred to as "second lien.".

11. The deed of trust referred to in Paragraph 10 granted the property to Wagner & Tomlin PC., of Virginia Beach, VA as trustees for the benefit of First Indiana bank. Wagner & Tomlin, PC is named defendant in this matter only to the extent of its interest as trustee under the deed of trust.

12. The deed of trust referred to in Paragraph 10 was assigned to First Plus Financial Inc. by assignment recorded in Book 1232 at page 0140, and corrected in Book 1272 at page 0974.

13. The deed of trust referred to in Paragraph 10 was further assigned to Security Trust by instrument recorded September 21, 2004 in Book 0000 page 0619. Upon information and belief, Security Trust is the present beneficiary of the "second lien" deed of trust, and National Mortgage Plan and Trust is the holder of the note.

14. During the pendancy of the case, Countrywide Home Loans filed an objection to the first proposed plan, alleging that it had an interest in the "second lien." No objection was filed to the modified plan, and the assignment of beneficiary referred to in Paragraph 13 occurred after confirmation. Countrywide Home Loans is therefore named here only to the extent of any interest it may have remaining in the "second lien."

15. At the time of the filing, the amount due to the "second lien" holder was $33,915.00 in principal.

16. Pursuant to 11 U.S.C. Section 506(a)(1), the amount of a claim is secured only to the value of the collateral. Any claim above the amount of the value of the collateral is an unsecured claim.

17. Pursuant to 11 U.S.C. Section 506(d), a lien that secures a claim that is not an allowed secured claim is void.

18. The claim of Security Trust is not an allowed secured claim, because the value of the collateral is insufficient to support the full claim of the superior loan.

WHEREFORE, debtor/plaintiffs request that an Order be entered declaring the lien of Security Trust against the real estate described herein to be VOID, and declaring that Security Trust, National Mortgage and Trust and/or the current noteholder, has an unsecured claim against debtors which is subject to the Discharge order entered on July 18, 2008.

Respectfully submitted,

Ernest (NMN) Moore Jr.
Olivia Harrison Moore

By: */s/Richard G. Poinsett*
Counsel